# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAUREN SCOTTOLINE,  
individually and as Parent and  
Guardian of J.S.S., a Minor,

          Plaintiffs,

v.

WOMEN FIRST, LLC, FIRST  
STATE WOMEN'S CARE, P.A.,  
MATERNITY AND  
GYNECOLOGY ASSOCIATES,  
P.A., and CHRISTIANA CARE  
HEALTH SYSTEM, INC.

          Defendants.

C.A. NO.: N19C-08-135 AML

TRIAL BY JURY OF  
TWELVE DEMANDED

Submitted: October 11, 2019  
Decided: October 15, 2019

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On October 11, 2019, Defendants Women First, LLC, d/b/a First State Women's Care, d/b/a Maternity and Gynecology Associates, filed a motion asking the Court to review Plaintiffs' affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* §§ 6853(a)(1) and (c).[1]

Specifically, Defendants asked the Court to determine whether the affidavit: (1) is signed by an expert witness; (2) is accompanied by a *curriculum vitae*; (3)

---

[1] 18 *Del. C.* § 6853(d).

gives an opinion there are reasonable grounds to believe there has been a breach in the standard of care by the Moving Defendants and that the breach is the proximate cause of the injuries alleged in the Complaint; and (4) indicates the expert is licensed to practice medicine as of the date of the affidavit, and establishes the expert, for the three years preceding the alleged negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine at issue in this case, which is obstetrics and gynecology.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The statute's requirements are minimal. Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[5]

---

[2] *Id.* § 6853(a)(1).

[3] *Id.* § 6853(c).

[4] *Id.*

[5] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

After *in camera* review, the Court finds:

1. An expert signed the affidavit;

2. The affidavit was accompanied by a current *curriculum vitae*;

3. The expert gives an opinion that there are reasonable grounds to believe there has been a breach in the standard of care by each defendant and that each breach against each defendant was a proximate cause of injuries to the minor plaintiff; and

4. The *curriculum vitae* establishes the expert is licensed to practice medicine as of the date of the affidavit and for the three years preceding the negligent act, the expert was engaged in the treatment of patients in the same or similar field of medicine (obstetrics and gynecology) as the defendants.

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* §§ 6853(a)(1) and (c) as to Defendants Women First, LLC, d/b/a First State Women's Care, d/b/a Maternity and Gynecology Associates.

**IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc: Bruce L. Hudson, Esquire
Bradley J. Goewert, Esquire
Thomas J. Marcoz, Esquire

3